UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD VINCENT JENNINGS, JR.,    *
                                 *
            Plaintiff,           *
                                 *
       v.                        *       Civil Action No. 24-12292-ADB
                                 *
ADAM NARRIS, et al.,             *
                                 *
            Defendants.          *
                                 *

<u>MEMORANDUM AND ORDER</u>

BURROUGHS, D.J.

<u>Pro se</u> plaintiff Edward Vincent Jennings, Jr., who is confined at the Berkshire County House of Correction, has filed a civil complaint against three attorneys (Adam Norris, Richard Farrell, Jennifer Cox) who were appointed by the court to represent him in a pending state criminal proceeding and also against Dr. Zeizal, a "mental health expert." [ECF No. 1]. Jennings represents that he is a pretrial detainee who was found incompetent to stand trial over a year ago. For the reasons stated below, the Court will dismiss this action.

I.    **Court's Authority to Review the Complaint**

When a prisoner files a complaint against a government entity or employee, the Court is required to conduct a preliminary review of the pleading and to dismiss any claims that are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A.[1] In addition, the Court has an obligation to inquire <u>sua sponte</u> into its own jurisdiction. In

_____

[1] For purposes of this statute, the definition of a "prisoner" includes a pretrial detainee. <u>See</u> U.S.C. § 1915A(c).

conducting this review, the Court construes Jennings's complaint liberally because he is proceeding pro se.  See Erickson v. Pardus, 89, 94 (2007) (per curiam).

## II.    Jennings's Claims

Jennings alleges that his court-appointed attorneys have not provided sufficient representation in a variety of matters, including lying about him in court, refusing to pursue certain lines of inquiry or collect evidence that would be helpful to his defense, adequately communicating with him, and refusing to advance certain arguments, including the argument that charges against him should be dismissed because he has been deemed incompetent to stand trial for over a year and one-half.  Jennings alleges that Dr. Zeizal was paid from court funds to examine him and make a report concerning his mental state but has failed to produce said report.

## III.    Discussion

### A.    Federal Claims

Federal district courts have original jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331.  Jennings invokes the Court's federal question jurisdiction, identifying as relevant federal law his right to a speedy trial, a "grand jury trial," and due process.  Compl. at 3.

#### 1.    Court-Appointed Attorneys

The constitutional guarantees to due process, a speedy trial, and certain other rights enumerated in the amendments to the constitution, restrict government action—not private action.  See, e.g., Jenser v. Arab Bank, PLC, 584 U.S. 241, n.1 (2018) (stating that "[t]he prohibitions in the Bill of Rights . . . apply only to state actors"); Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos., 515 U.S. 557, 566 (1995) (stating that "the guarantees of free speech and equal protection guard only against encroachment by the government and 'erec[t] no

shield against merely private conduct'" (alteration in original) (quoting Shelley v. Kraemer, 334 U.S. 1, 13, 68 (1948))); Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (stating that "state action" is "subject to scrutiny under the [Fourteenth] Amendment's Due Process Clause," but that the Fourteenth Amendment "affords no shield" against private conduct, "no matter how unfair that conduct may be").  Indeed, 42 U.S.C. § 1983, the vehicle by which a plaintiff may bring a lawsuit for a for violation of a constitutional rights, requires that the defendant be acting that "under color of state law."  Segrain v. Duffy, 118 F.4th 45, 56 (1st Cir. 2024) (quoting Kelley v. LaForce, 288 F.3d 1, 6 (1st Cir. 2002)); see also 42 U.S.C. § 1983.

Here, the court-appointed attorneys cannot be held liable for violations of Jennings's federal rights because they were not acting "under color of state law."  Although there are circumstances under which the conduct of a private actor can be "fairly attributable to the State," Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)), a court-appointed attorney—even when paid by the state—"does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); see also Vermont v. Brillon, 556 U.S. 81, 92 (2009) ("An assigned counsel's failure 'to move the case forward' does not warrant attribution of delay to the State."); Merrifield v. Demello, 116 F.3d 464, 1997 WL 351661, at *1 (1st Cir. 1997) (per curiam) (stating that, because the defendant in a §1983 action "was appointed by the state court to defend [the plaintiff] against the criminal charges against him, [the attorney's] actions did not constitute state action under § 1983 and he could not be sued").  Thus, Jennings has failed to state a federal claim against the appointed attorneys on which relief may be granted.

2.      **Dr. Zeizal**

It is unclear from the complaint whether Dr. Ziezal is a "state actor."  Dr. Zeizal could be treated as a state actor if he was appointed by the state court to conduct a neutral evaluation of Jennings's mental status to assist the court in considering Jennings's competency.  Even so, a § 1983 claim against him would not provide any relief for Jennings because Dr. Zeizal would have complete immunity for any alleged misconduct in that role.  "The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function."  Nystedt v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012) (holding that court-appointed discovery master was entitled to quasi-judicial immunity).  A psychiatrist or psychologist appointed by the court to conduct a competency evaluation of a party is performing judicial function and is therefore absolutely immune for such conduct.  See Harden v. Green, 27 Fed. App'x 173, 177 (4th Cir. 2001) ("[C]ourt-appointed psychiatrists are entitled to absolute judicial and witness immunity for their conduct in completing competency exams and furnishing written reports"); see also Mikail v. Kahn, 572 Fed. App'x 68, 71 (3d Cir. 2014) (court-ordered custody evaluators enjoyed quasi-judicial immunity because the evaluation was done "to assist the court in its decision-making process").  Thus, even assuming that he is a state actor, any federal claims against Dr. Zeizal fail to state a claim upon which relief may be granted.  If he was hired by Jennings' counsel, then he is a private actor and, as discussed above, no relief would be available under § 1983.

B.      **Claims Arising Under State Law**

Jennings does not purport to assert any state law claims.  Even if he had asserted state law claims concerning the conduct of his attorneys and Dr. Zeizal over which the Court could

exercise subject matter jurisdiction, the Court would be required to abstain from exercising such jurisdiction to avoid interfering with an ongoing criminal prosecution.

"The normal rule is that the federal courts must exercise their jurisdiction and decide cases brought before them." Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 (1st Cir. 2012). There are, however, limited circumstances in which a federal court must abstain from exercising its jurisdiction to avoid needless interference with a pending state proceeding, especially with a state criminal proceeding. See In re Justices of Super. Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) ("[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" (quoting Younger v. Harris, 401 U.S. 37, 46 (1971))). The Court's adjudication of any state court claims would likely involve consideration of whether the defendants have adequately fulfilled their duties to Jennings. Because undertaking such an inquiry would needlessly interfere with state criminal prosecution, the Court must abstain from exercising jurisdiction over said claims.

## IV.    Additional Filings

First, in papers Jennings filed after he commenced this action, he refers to certain conditions of confinement. To the extent Jennings wishes to bring federal claims concerning these conditions of confinement, he may do so in a separate lawsuit. The Court takes no position whether Jennings should pursue such a course of action.

Second, on December 30, 2024, the United States Court of Appeals for the First Circuit received from Jennings completed state court forms used for commencing an appeal and seeking indigency status.[2] The First Circuit later forwarded the documents to this Court, and on January 13, 2025, they were placed on the docket of this Court as a Notice of Appeal and a Motion for

---

[2] Jennings sent these documents in an envelope addressed to the "United States Court of Appeals." ECF No. 13 at 3.

Leave to Appeal <u>in Forma Pauperis</u>.  ECF Nos. 13, 14.  Notwithstanding the filing of a Notice of Appeal, the Court retains jurisdiction to adjudicate this case because the Notice of Appeal received on December 30, 2024 is not based on an appealable order.  <u>See</u> <u>WM Cap. Partners 53, LLC v. Barreras, Inc.</u>, 975 F.3d 77, 83-84 (1st Cir. 2020) (stating that the filing of a notice of appeal does not divest a district court of its jurisdiction "if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)" (quoting <u>Donahue v. Fed. Nat'l Mortg. Ass'n</u>, 971 F.3d 1, 4 (1st Cir. 2020))).

The Court denies the motion to appeal <u>in forma pauperis</u>.  Under the federal <u>in forma pauperis</u> statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous."  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  Here, the appeal Jennings commenced on December 30, 2024 is frivolous because, as far as this court can ascertain, it did not seek review of an appealable order.[3]  The Court therefore certifies that such appeal was not taken in good faith.

## V.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1.    All claims under federal law are DISMISSED for failure to state a claim upon which relief may be granted.

2.    Any claims under state law are DISMISSED without prejudice on abstention grounds.

---

[3] In contrast, an order that disposes of a case is immediately appealable.  <u>See</u> 28 U.S.C. § 1291.

3.      The motion for leave to proceed in forma pauperis, ECF No. 12, shall be

terminated as moot.

4.      The motion to appeal in forma pauperis, ECF No. 14, is DENIED.

5.      The Clerk shall transmit a copy of this order to the United States Court of Appeals

for the First Circuit.

IT IS SO ORDERED.


January 14, 2025                                     /s/ Allison D. Burroughs    
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE